# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1749WM

_____

| | | |
|---|---|---|
| Carolyn Fay Garcia, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | On Appeal from the United |
| | * | States District Court |
| City of Trenton, Missouri; Timothy | * | for the Western District |
| Whitaker, Mayor, City of Trenton, | * | of Missouri. |
| in his individual and official capacities; | * | |
| and Robert Lewis, Chief of Police, | * | |
| City of Trenton, in his individual and | * | |
| official capacities, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: September 11, 2003

Filed: November 7, 2003

_____

Before MELLOY, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

Carolyn Fay Garcia appeals the District Court's grant of judgment as a matter of law for Timothy Whitaker, the Mayor of Trenton, Missouri, following a jury verdict in favor of Ms. Garcia on a retaliation claim she filed under 42 U.S.C. § 1983. Ms. Garcia contends that the District Court erred in granting the judgment because

she presented sufficient evidence to support the jury's verdict that the retaliatory issuance of parking tickets would chill the speech of a person of ordinary firmness. The record supports this proposition and, therefore, we reverse the judgment of the District Court and reinstate the jury verdict.

I.

This Court reviews a grant of judgment as a matter of law de novo, applying the same standard as the District Court. Moran v. Clarke, 296 F.3d 638, 643 (8th Cir. 2002). Judgment as a matter of law is proper when a party fails to establish any legally sufficient evidentiary basis for a reasonable jury to find for her on an essential issue. Fed. R. Civ. P. 50(a). When the Court entertains a motion for judgment as a matter of law, it considers all of the evidence presented, draws all reasonable inferences in favor of the non-moving party, and may not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

A grant of judgment as a matter of law following a jury verdict is appropriate only when the evidence is "entirely insufficient to support the verdict." Belk v. City of Eldon, 228 F.3d 872, 878 (8th Cir. 2000). This high standard protects the role and province of the jury to determine which inferences shall be drawn from the evidence presented. "Only where 'all of the evidence points in one direction and is susceptible to no reasonable interpretation supporting the jury verdict' should the grant of a motion for judgment as a matter of law be affirmed." Hunt v. Nebraska Pub. Power Dist., 282 F.3d 1021, 1029 (8th Cir. 2002), quoting Hathaway v. Runyon, 132 F.3d 1214, 1220 (8th Cir. 1997).

II.

We state the facts in the light most favorable to the jury verdict. Ms. Garcia, the owner of a gift shop in Trenton, Missouri, complained to Mayor Whitaker and

other city officials about bikers riding on the sidewalk in front of her shop. A local ordinance prohibits bicycle riding on the sidewalk, and Ms. Garcia wanted it enforced. The city council discussed the sidewalk ordinance at both its June and July 2000 meetings and, during the July meeting, instructed the Chief of Police to enforce it. Despite this instruction, the situation did not improve; bikers continued to ride on the sidewalk, and Ms. Garcia continued to complain to Mayor Whitaker. At one point, Ms. Garcia also got in touch with a state representative and a state senator to complain about the ordinance not being enforced.

Both before and during the time period when Ms. Garcia complained about the ordinance, she regularly parked her car in front of her shop in violation of a two-hour time limit. However, because it was police policy not to ticket unless someone complained about a parking violation, the police rarely issued parking tickets. From the opening of her shop in November 1999 until August 30, 2000, Ms. Garcia never received a parking ticket.

On August 30, during a heated exchange about the sidewalk ordinance, Mayor Whitaker told Ms. Garcia that the two-hour time limit would be enforced against her, and that he was taking this action because of her complaints about the bicycling ordinance. Several hours later, Ms. Garcia received a parking ticket. Through October 20, 2000, Ms. Garcia received three additional tickets for violating the time limit. By comparison, Kevin Hudson, an accountant whose office is located next door to Ms. Garcia's shop, regularly parked in violation of the two-hour limit for eight years without receiving a ticket until August 30, when he also received a ticket. Mr. Hudson's ticket disappeared from police records after he spoke with Mayor Whitaker about it the following week.

As a result of receiving these four parking tickets, Ms. Garcia testified (and the jury apparently believed) that she suffered from medically diagnosed anxiety and that she refrained from speaking at city council meetings for fear of additional retaliation.

The case then went to the jury. The jury returned verdicts in favor of two co-defendants, Robert Lewis, the Chief of Police, and the City of Trenton itself. Ms. Garcia has not appealed from these verdicts. On the claim against Mayor Whitaker, the jury's verdict was for the plaintiff. It awarded $5,000.00 in compensatory damages, and $20,000.00 in punitive damages. The District Court, as noted above, then granted judgment as a matter of law for the defendant Whitaker. The Court held that there was insufficient evidence to justify a rational conclusion that a person of ordinary firmness would be chilled by Mayor Whitaker's conduct with respect to the parking tickets. From this judgment the plaintiff now appeals.

III.

The ordinary-firmness test is well established in the case law, and is designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment. See Bart v. Telford, 677 F.2d 622 (7th Cir. 1982). We have adopted and applied this standard. See Naucke v. City of Park Hills, 284 F.3d 923 (8th Cir. 2002).[1] In applying this "test," we are mindful of the words of Judge Posner in Bart v. Telford, supra, 677 F.2d at 625:

---

[1]The main argument made by the plaintiff in her appeal, as indicated, is that the record supports the verdict as to the ordinary-firmness test. She also argues that the District Court erred in refusing to give a jury instruction she requested. The instruction would have told the jury that it did not need to make a finding on the ordinary-firmness issue. The plaintiff argued to the District Court that the violation in this case was so egregious as to be a "per se" violation of the First Amendment, making it unnecessary to rule on ordinary firmness. If plaintiff were to succeed on this issue, the most relief she could obtain would be a new trial against Mayor Whitaker. Because we are agreeing with the plaintiff on the question of ordinary firmness, the verdict in her favor against Mayor Whitaker will be reinstated, thus making it unnecessary to reach the jury-instruction question.

The effect on freedom of speech may be small, but since there is no justification for harassing people for exercising their constitutional rights it need not be great in order to be actionable.

The test is an objective one, not subjective. The question is not whether the plaintiff herself was deterred, though how plaintiff acted might be evidence of what a reasonable person would have done. (Plaintiff here testified that she was deterred, to some degree, from further exercising her rights of protest, and the jury may have believed her, but, as we have said, this is not the issue.) What would a person of "ordinary firmness" have done in reaction to the tickets? Would he or she have simply ignored them, or would he or she have been slowed down, at least to some degree? The issue is a close one, in our view. The total amount of the tickets was not large, $35.00. However, they came during a period of less than two months, and the threat of further harassment could reasonably be inferred. Ultimately, this sort of question is usually best left to the judgment of a jury, twelve ordinary people, than to that of a judge, one ordinary person. The jury, after all, represents the conscience of the community. It decides many similar questions — for example, what would a person of ordinary prudence have done in certain circumstances? Here, the matter is sufficiently close, in our view, to come within the jury's province.

In Naucke v. City of Park Hills, supra, 284 F.3d at 928, we affirmed a summary judgment against one of three plaintiffs on the ground that there was no genuine issue of material fact as to whether a person of ordinary firmness would have been chilled by the defendants' allegedly retaliatory actions. In that case, the plaintiff charged that the defendants had made harassing, derogatory, and humiliating comments about her. This conduct, we believed, was "insufficient to deter a person of ordinary firmness from continuing to speak out." Ibid. We believe the present case is distinguishable. Here, in contrast to Naucke, defendant's conduct went beyond mere speech, however offensive. Defendant, in his capacity as Mayor, engaged the punitive machinery of government in order to punish Ms. Garcia for her speaking out. Charges made by a

parking ticket, to be sure, are typically only petty offenses, not even misdemeanors, but they have concrete consequences.  We hold that the evidence in this case was sufficient to go to the jury.

The judgment of the District Court is reversed, and the cause remanded to that Court with directions to reinstate the verdict for Ms. Garcia and against Mayor Whitaker.

_____